**Alfred PLAYER, Appellant,**

v.

**William F. STEINER, Warden, Maryland House of Correction, Appellee.**

**No. 8171.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 15, 1960.

Decided Nov. 17, 1960.

Stephen D. Moses, Baltimore, Md. (Court-assigned counsel), for appellant.

James H. Norris, Jr., Sp. Asst. Atty. Gen. of Maryland (C. Ferdinand Sybert, Atty. Gen. of Maryland, on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

This is an appeal from a denial, without a hearing, of a petition for a writ of habeas corpus by a state court prisoner.

Player was convicted upon a charge of housebreaking, from which no appeal was taken. Later, he filed a petition under Maryland's Post Conviction Procedure Act, Code 1957, art. 27, § 645A et seq., in which he contended that he had requested his counsel to appeal his conviction, but that he had been denied the opportunity to obtain new counsel and to take an ap-

peal by actions of the warden in whose custody he was held. This petition was denied after a hearing in which Player was represented by court-appointed counsel.

Player applied to the Court of Appeals of Maryland for leave to appeal, in which he asserted that the evidence did not prove a forceful entry. This was the ground upon which the petition under the Post Conviction Procedure Act was originally filed, but it had been abandoned after consultation by Player with his court-appointed counsel, and by amendment the petition was changed to raise only the question of the asserted denial of the right of appeal from the original conviction. Leave to appeal was denied, therefore, upon the ground that the question of sufficiency of the evidence had not been effectively raised in the Circuit Court for Montgomery County. Player v. Warden, 222 Md. 619, 159 A.2d 852.

Thereafter Player applied to Chief Judge Brune of the Court of Appeals of Maryland for a writ of habeas corpus. This petition was transferred for a hearing by a judge of the Supreme Bench of Baltimore City. Judge Warnken, of that Court, dismissed the petition.

At the time of the hearing in the District Court, there had been no application to the Supreme Court of the United States for a writ of certiorari to the Court of Appeals of Maryland to review its decision in the proceedings under the Post Conviction Procedure Act, or to the Supreme Bench of Baltimore City to review Judge Warnken's denial of a writ of habeas corpus. We are informed that, while this appeal was pending, Player did file an untimely petition in the Supreme Court of the United States for a writ of certiorari to the Court of Appeals of Maryland, and that this petition was denied on October 17, 1960. Player v. Steiner, 81 S.Ct. 108.

From the foregoing, it clearly appears that Player has not exhausted his state remedies. The question he seeks to present here was not presented to the Circuit Court for Montgomery County and his application for leave to appeal upon the ground he now urges was denied by the Maryland Court of Appeals upon the ground that it had not been presented to the lower court. After denial of his petition for a writ of habeas corpus by Judge Warnken, he made no effort to have that decision reviewed in any court. The District Court properly denied the petition without a hearing, since it plainly appears that state remedies have not been exhausted. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

This appeal was filed without a certificate of probable cause from the District Judge. After considering the record and hearing court-appointed counsel, the members of this Court find no merit in the appeal. The appeal will be dismissed for want of a certificate of probable cause to appeal.

Appeal dismissed.